OPINION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SEGUNDO BENJAMIN SALTO, Petitioner. | § § § | |
| v. | § § | CIVIL ACTION NO. B-08-156 |
| MICHAEL MUKASEY, et al. Respondents | § § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Segundo Benjamin Salto's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc.1). The Respondent has filed a Motion to Dismiss as Moot, which will also be considered herein. (Doc. 10). For the following reasons, Petitioner's habeas petition should be DENIED and Respondent's Motion to Dismiss should be GRANTED.

## BACKGROUND

Petitioner Segundo Benjamin Salto (henceforth referred to as "Salto" or "Petitioner") is a native and citizen of Ecuador. At the time he filed the present habeas petition he was detained at the Port Isabel Detention Center in Los Fresnos, Texas pending his removal from the United States.

Petitioner was ordered removed on December 10, 1986. He was last taken into DHS custody on September 13, 2007, which is the date on which the six-month presumptively reasonable detention period began. Accordingly, the presumptively reasonable period ended on March 13, 2008.

Petitioner filed a habeas petition on May 13, 2008, alleging that he had been in post-removal detention for more than the six-month presumptively reasonable period and that there was no significant likelihood of removal in the reasonably foreseeable future. Respondents filed a Motion

to Dismiss as Moot on June 18, 2008. (Doc. 10). Along with this motion, the government submitted an affidavit from a deportation officer at the Port Isabel Detention Center stating that Petitioner Salto was removed to Ecuador on May 30, 2008. *See* Mot. to Dismiss, Attach.. 1, Decl. of Cecilio Banuelos. (Doc. 10).

## PETITIONER'S ALLEGATIONS

In his petition, Petitioner Salto challenges his detention on three grounds. He first alleges his continued detention violates 8 U.S.C. § 1231(a)(6), as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). He alleges that he has been in post-removal order detention for more than the six-month "presumptively reasonable" period set forth by the Supreme Court for post-removal-order detention in *Zadvydas*, and that his continued detention violates § 1231 because his removal is not likely in the reasonably foreseeable future. Secondly, he alleges that his post-removal detention violates his Constitutional right to substantive due process. Lastly, he alleges that his post-removal detention violates his Constitutional right to procedural due process.

## DISCUSSION

### *I. Jurisdiction Under Section 2241*

A petition under § 2241 is the proper vehicle for a petitioner to use when he seeks to challenge the legality and constitutionality of post-removal-period detention. *See Zadvydas v. Davis*, 533 U.S. at 687–688. The district where the petitioner is detained "is the only district that has jurisdiction to entertain a defendant's § 2241 petition." *Lee v. Wetzel*, 244 F. 3d 370, 373-75 (5th Cir. 2001). Therefore, because the Petitioner was detained within the Brownsville Division of the Southern District of Texas, were the matter not moot this Court would be the proper court for the present § 2241 petition.

## *II. Petitioner's Post-Removal-Order Detention*

Petitioner Salto challenges his detention pending deportation.  However, on May 30, 2008, DHS successfully removed Salto.  *See* Mot. to Dismiss, Attach. 1, Decl. of Cecilio Banuelos.  (Doc. 10).  Because Salto is no longer in custody in the location which gives rise to his claims, the corresponding allegations are moot and should be dismissed.  *See United States v. Rosenbaum-Alanis*, 483 F. 381, 382 (5th Cir. 2007) (holding that petitioner's release from prison rendered court incapable of granting relief and dismissing appeal as moot).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a federal court must dismiss an action for want of subject matter jurisdiction when a case or controversy ceases to exist. *See e.g., Eddins v. Excelsior Indep. School Dist*., 88 F. Supp. 2d 695, 701 (E.D.Tex. 2000) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)); *see also Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1009 (5th Cir. 1998). This is known as the "mootness" doctrine. *Id*.  Mootness can occur in two ways: (1) when the issues presented are no longer live, and (2) when the parties lack a legally cognizable interest in the outcome. *Id*. (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

According to either standard, this case is subject to the mootness doctrine and should be dismissed.  In other words, the issues Salto presented are no longer "live," and he no longer has a legally cognizable interest in the outcome of this case. *See United States v. Ramirez*, 145 F.3d 345, 356 (5th Cir. 1998); *Matter of Berryman Prods., Inc.*, 159 F.3d 941, 944 (5th Cir. 1998); *Eddins*, 88 F. Supp. 2d at 701.  He has been removed.  Any claim he may have had under *Zadvydas* is no longer legally cognizable.  Further, because Petitioner is not detained by the Department of

Homeland Security, he also no longer meets the custody requirement for a Habeas Corpus petition. *See* 28 U.S.C. § 2241(c)(3).

## RECOMMENDATION

For the aforementioned reasons, this Court recommends that Petitioner's habeas action under 28 U.S.C. § 2241 challenging his post-removal detention be DISMISSED as MOOT and the Government's Motion to Dismiss as Moot be GRANTED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 1st day of July, 2008.

_____
Felix Recio
United States Magistrate Judge